## Case No. 10,370.

### In re NOYES.

[2 Lowell, 352; [1] 11 N. B. R. 111.]

District Court, D. Massachusetts. Nov., 1874.

#### BANKRUPT—EXAMINATION.

1. A bankrupt, under examination by a creditor, is entitled to make any explanation or additional statements which may be necessary to complete and make clear any matters concerning which he has been examined; and, to this end, may be questioned by his counsel. He is not bound to pay the fees of the register for taking this part of the examination.

2. The cases of Scofield v. Moorehead [Case No. 12,510] and In re Mealy [Id. 9,378] remarked on.

3. The question whether an examination is so far completed as to be admissible in evidence is not one which can properly be certified to the court for decision by the register taking the examination.

A creditor procured an order for the examination of the bankrupt [G. N. Noyes], and proceeded therewith before the register. In the course of his direct examination questions were asked about his books. and he testified that they were kept by his son, who could explain them. He agreed to produce certain books in addition to those already before the register, and to procure the attendance of his son. After an adjournment, the bankrupt attended with the books and with his son. The creditor, nor caring to examine further, the bankrupt desired to complete his answers to certain questions already put. Both parties refused to pay the fees for such additional examination, and the register certified the following questions: 1. Who, if any one, should pay, secure, or become responsible for the fees of the register, for the further examination of the bankrupt? 2. Has the creditor the right to use the examination, as it is, against the bankrupt?

G. W. Morse, for creditor, cited Scofield v. Moorehead [Case No. 12,510]; In re Mealy [Id. 9,378].

T. H. Talbot, for bankrupt.

[1] [Reported by Hon. John Lowell. LL. D., District Judge, and here reprinted by permission.]

LOWELL, District Judge. A bankrupt under examination has the right to be cross-examined, or further examined, in his own behalf, after the creditor or assignee is done with him, so far as may be necessary to explain or qualify any matters brought out on the direct examination, which may seem to bear unfavorably upon his conduct or dealings, or which are obscure. The statute, at section 4 [14 Stat. 519], provides that the fees of the registers shall be paid by the parties for whom the services are rendered. From this it has been ruled, by two learned judges, in the cases cited at the bar, that the bankrupt must pay for that part of his examination above referred to. But this conclusion seems to me unwarranted. In the sense of the statute, the creditor is the person for whom these services are rendered. It is he who procures the examination; and it is a part of it, essential to justice and fair dealing, that the party examined should not be left under unfounded imputations, arising out of an ignorant or a too subtile course of interrogatories. The same section which authorizes this proceeding gives a like power over every person within the jurisdiction; and can it be maintained for a moment that any person summoned to disclose his dealings with the bankrupt is to pay for the privilege? A bankrupt is presumed to have surrendered every thing. until the contrary appears; and I cannot assent to the proposition, that he is to pay out of his current earnings for the satisfaction of clearing up and making perfect his examination.

The danger that has been anticipated of a frivolous or useless prolongation of the examination, if it is to be conducted at the expense of the creditor or assignee, appears to me wholly imaginary. The whole proceeding, including an ultimate visitation of costs upon any one whose conduct is vexatious, is fully within the power of the court; and, as matter of fact, no case has ever occurred in this district in which complaint has been made on that side of the controversy, though bankrupts have sometimes thought that they were harassed with unprofitable investigations. In one of the cases cited, the late Judge Hall, whose learning was as conspicuous as his conscientious and laborious care to investigate the merits of every case brought before him for judgment, appears to have been influenced by this consideration, which experience has proved to be unfounded.

In the case last referred to, it was said to be according to the chancery practice, that costs of the cross-examination of witnesses were paid by the party conducting the cross-examination. Such is not the practice in the federal courts; and the reasons for it do not apply to the examination of a bankrupt or other person examined under section 26 of the bankrupt act.

The second question, whether the examination, as it stands, can be used against the

bankrupt, is not one properly arising in the course of his examination, and must be answered by the judge before whom the examination may hereafter be offered, if it ever should be offered in its present condition.

[No doubt instructions may be asked as to modes and forms of examination, and as to the admissibility of questions, or anything that affects the proper conduct of the examination; but as to its completeness or its effect, it would not be proper that I should express an opinion, if on such a state of facts I could form one, which is doubtful.] [2]

This opinion is to be certified to the register.